## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3951 | **DATE** | 7/18/08 |
| **CASE TITLE** | Torrance R. Williams (B-54169) v. Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $13.09 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. The Clerk shall issue summons to Michael Sheahan and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. Status hearing set for 9/26/08 at 10:00 a.m.

■[**For further details see text below.**]

Docketing to mail notices.

---

## STATEMENT

Plaintiff, Torrance R. Williams, presently an inmate at the Dixon Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff claims that Defendants, Cook County Jail correctional officers, failed to protect him from harm while he was detained at Cook County Jail.

Plaintiff's petition for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $13.09. The trust fund officer at Plaintiff's place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center.

Plaintiff asks leave to file this action seeking damages against Cook County Jail correctional officers. Plaintiff does not know the names of the Defendants who allegedly violated his constitutional rights. Plaintiff cannot obtain damages from Defendants unless he serves them personally in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names.

However, Plaintiff also names Michael Sheahan, the Sheriff of Cook County at the time of the alleged violation of Plaintiff's constitutional rights, as a Defendant. Plaintiff's complaint does not contain any allegations of Michael Sheahan's personal involvement in the alleged constitutional violation. Liability under the Civil Rights Act requires

## STATEMENT  (continued)

a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594.  Because Plaintiff's complaint asserts no claims against Michael Sheahan based on his personal liability, he would normally be dismissed as a Defendant. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).  However, in this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint.  When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996).  Consequently, Plaintiff's claim can proceed at this time against Michael Sheahan.  Once Plaintiff has obtained service on Michael Sheahan, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33.  After Plaintiff learns the Defendants' identities, he may ask leave to amend the complaint to substitute their names for those of the John Does.  Summonses will then issue for service on the Defendants in interest and the supervisory defendant, Michael Sheahan, will be dismissed.  Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The United States Marshals Service is appointed to serve Michael Sheahan.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Michael Sheahan with process.  The U.S. Marshal is directed to make all reasonable efforts to serve Michael Sheahan.  Because Michael Sheahan is no longer Sheriff of Cook County, the Cook County Department of Corrections shall furnish, if needed, the Marshal with Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to mail a request for waiver of service to Michael Sheahan in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants.  Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied.  Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).  In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)).  If so, the Court must consider:  (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted.  While Plaintiff indicates that he has attempted to retain counsel, Plaintiff's case, at the present time, does not involve complex issues, complex  discovery, or an evidentiary hearing.  In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.